**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Jacksonville Division**

---------------------------------------------------------------------x

Joseph Coughlin,

Plaintiff,

**C.A. No.:** 3:26-cv-2662

-against-

**DEMAND FOR JURY TRIAL**

Transunion, LLC,
Equifax Information Services, LLC,
Experian Information Solutions, Inc.,
Servbank, N.A.,

Defendant(s).

---------------------------------------------------------------------x

**PLAINTIFF'S COMPLAINT**

Plaintiff Joseph Coughlin ("Plaintiff"), by and through his attorneys, and as for his Complaint against Defendant Transunion, LLC ("Transunion"), Defendant Equifax Information Services, LLC ("Equifax"), Defendant Experian Information Solutions, Inc. ("Experian"), and Defendant Servbank, N.A. ("Servbank") respectfully sets forth, complains, and alleges, upon information and belief, the following:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1681p *et seq.*

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

**PARTIES**

4. Plaintiff is a resident of the State of Florida in the County of Saint Johns.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Transunion is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Transunion is a Delaware corporation registered to do business in the State of Florida, and may be served with process upon its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301.

7. At all times material hereto, Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a Georgia corporation registered to do business in the State of Florida, and may be served with process upon its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301.

10. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

11. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian is an Ohio corporation registered to do business in the State of Florida, and may be served at its registered agent, CT Corporation System, C/o CT Corporation System, located at 1200 South Pine Island Rd., Plantation, FL 33324.

13. At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

14. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

15. Servbank, N.A. is a person who furnishes information to consumer reporting agencies under 15U.S.C. § 1681s-2, and may be served with process upon CT Corporation System its registered agent for service of process located at 1200 South Pine Island Road, Plantation, FL 33324.

## FACTUAL ALLEGATIONS

16. Plaintiff incorporates by reference paragraphs 1 through 15 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

17. This Complaint pertains to a Lower LLC account being serviced by Servbank ("Servbank account" or the "Account") with account number ending in 04 ("Account").

18. At a certain point, Plaintiff encountered financial hardship, causing him to fall behind while he attempted to work out a sustainable repayment plan with his lender.

19. In January of 2024, Plaintiff requested a requested a 12-month repayment plan from his lender.

20. Plaintiff received communication that his request had been approved.

21. Plaintiff's made all required payments under this repayment plan.

22. During this payment plan Plaintiff's loan was transferred, and the new lender (Defendant Servbank) advised Plaintiff that he needed to apply for a loan modification.

23. Plaintiff received a letter from the Defendant Servbank approving him for the loan modification trial period which was scheduled to begin with a payment due on September 1, 2025.

24. Plaintiff complied with all requirements and made all payments during the trial period in a timely manner, specifically including payments on August 7, 2025 ($3,111 for September,2025), September 8, 2025 ($3,111 for October, 2025), and October 16, 2025 ($3,111 for November,2025).

25. Despite Plaintiff complying with all procedures and continuously making timely monthly payments, TransUnion, Equifax, and Experian all incorrectly marked Plaintiff late for October, November, and December 2025 (reporting 120 days late on each month).

Servbank Dispute and Violation

26. Upon information and belief, on a date better known to Transunion, Equifax and Experian ("Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to his Servbank account with account number ending in 04 ("Account").

27. The Account is reporting inaccurately because Plaintiff was not late in October, November, and December 2025.

28. In fact, Plaintiff was never late and made all timely payment under the trial payment period.

29. It is materially misleading to report Plaintiff as late on his credit reports during a period of time that the Plaintiff made timely payments for the amount requested by Defendant Servbank.

30. The inaccurate information furnished by Servbank and published by the Bureaus is inaccurate since it contains late payment notations for the months while Plaintiff was making timely trial modification payments.

31. In the alternative, even assuming arguendo that the Bureaus accurately reported the lates, the Bureaus still failed to notate that the Plaintiff was participating in a trial payment plan from August 2025 through October 2025 and that these trial modification payments had all been made timely pursuant to Plaintiff's agreement with the lender.

32. The Bureaus failure to include the Plaintiff's trial period plan is materially misleading since it makes it appear that the Plaintiff did not make his payment at all, when in fact he paid the exact amount he was required to pay under the trial modification that was offered to him.

33. Plaintiff sent a dispute letter dated May 19, 2026 to the Bureaus disputing the accuracy of the information in his credit reports and explaining the context of

why the information was inaccurate, attaching his trial payment period approval letter.

34. Plaintiff attached proper identification for proof of his identity to his dispute letter.

35. It is believed and therefore averred that the Bureaus notified Defendant Servbank of the Plaintiff's disputes.

36. Upon receipt of the disputes of the Account from the Plaintiff by the Bureaus, Servbank failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information with respect to the disputed Account.

37. Had Servbank done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Servbank that the Account contained inaccurate information and in fact the Plaintiff had made all his payments in a timely manner.

38. Following the dispute, the improper late payment notations and derogatory 120-day late marks for October, November, and December 2025 still remained across the credit reports.

39. Despite Plaintiff's disputes that the information on his credit reports were inaccurate, the Bureaus did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed Account was inaccurate.

40. The Bureaus violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained concerning the Plaintiff.

41. Further, the Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

42. Had the Bureaus done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to the Bureaus that the Account contained inaccurate or incomplete information.

43.The Bureaus' reporting of Plaintiff's Account has severely affected Plaintiff's credit worthiness.

44. Specifically, a mortgage account being reported as a derogatory account has a significant effect on Plaintiff's credit worthiness.

45. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors.

46. Potential credit grantors reviewed Plaintiff's credit reports, as evidenced by soft and hard pulls on Plaintiff's credit reports.

47. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons,

entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

48. As a result of Defendants' failure to comply with the FCRA, Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

**FIRST CAUSE OF ACTION**

**(Willful Violation of the FCRA as to the Bureaus)**

49. Plaintiff incorporates by reference paragraphs 1 through 48 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

50. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

51. The Bureaus violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained concerning the Plaintiff.

52. Further, the Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

53. The Bureaus have willfully and recklessly failed to comply with the Act. The failure of the Bureaus to comply with the Act includes but is not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete; and

h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

54. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

55. The conduct, action and inaction of the Bureaus was willful rendering the Bureaus liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

56. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Joseph Coughlin, an individual, demands judgement in his favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

**<u>SECOND CAUSE OF ACTION</u>**

**(Negligent Violation of the FCRA as to the Bureaus)**

57. Plaintiff incorporates by reference paragraphs 1 through 48 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

58. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

59. The Bureaus violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

60. Further, the Bureaus violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained concerning the Plaintiff.

61. The Bureaus have negligently failed to comply with the Act. The failure of the Bureaus to comply with the Act includes but is not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete; and

h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

62. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

63. The conduct, action and inaction of the Bureaus was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

64. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Joseph Coughlin, an individual, demands judgement in his favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

**THIRD CAUSE OF ACTION**

**(Willful Violation of the FCRA as to Servbank)**

65. Plaintiff incorporates by reference paragraphs 1 through 48 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

66. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

67. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

68. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

69. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate,

the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

70. Servbank violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

71. As a result of the conduct, action and inaction of Servbank, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

72. The conduct, action and inaction of Servbank was willful, rendering Servbank liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

73. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Servbank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Joseph Coughlin, an individual demands judgement in his favor against Servbank in for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

**<u>FOURTH CAUSE OF ACTION</u>**

**(Negligent Violation of the FCRA as to Servbank)**

74. Plaintiff incorporates by reference paragraphs 1 through 48 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

75. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

76. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information in a consumer credit report.

77. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

78. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

79. Servbank is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

80. After receiving the Dispute Notices from the Bureaus, Servbank negligently failed to conduct its reinvestigation in good faith.

81. A reasonable investigation would require a furnisher such as Servbank to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

82. The conduct, action and inaction of Servbank was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

83. As a result of the conduct, action and inaction of Servbank, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

84. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Servbank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Joseph Coughlin, an individual, demands judgement in his favor against Servbank for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

**DEMAND FOR TRIAL BY JURY**

85. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

c) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

d) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681o(a)(2);

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: October 2, 2026

Respectfully Submitted,

*/s/ Alexsandra Kravets*

Aleksandra Kravets, Esq.
Aleksandra Kravets, Esq. P.A.
865 SW 113 Lane
Pembroke Pines, FL, 33025
Phone: 347-268-9533
Fax: 929-333-7774
Email: ak@akesqpa.com
*Attorney for Plaintiff*